## Price vs. Wood.

DETINUE.

Error to the Barren Circuit; CHRISTOPHER TOMPKINS, Judge. Case 36.

*New trial.    Witness.*

Chief Justice BIBB, delivered the Opinion of the Court.

THE plaintiff, Price, claimed the slave in question under a deed of gift by Charles W. Lewis and Charles Hudson. The suit is in detinue against one who hired the slave from the executor of Charles Hudson. Supposing the deed to have been executed by Hudson and Lewis, the right of the plaintiff was undoubted ; and no circumstance whatever appears in favour of the defendant, to render the right of the plaintiff doubtful ; and this court cannot perceive any ground for the verdict for the defendant, unless the jury went on the ground that the execution of the deed by Hudson was not sufficiently proved. The deed was admitted as evidence; but the execution thereof as to Hudson was not positively proved by the subscribing witness, Hudson Lewis, who was sworn, although we think the evidence was amply sufficient to prove the deed upon Hudson.

May 1.

New trial moved on the ground that the verdict was against the evidence, overruled below, awarded here.

But the defect arose from the refusal of the court to compel the other subscribing witness to give evidence. This witness, William Lewis, after he attested the deed, proved its execution in the clerk's office, and the deed was laid over for further proof. Since his attestation, he became interested by marrying the grand daughter of Hudson, one of said grantors, by which marriage he had acquired an interest in the estate of said Hudson deceased. This interest was the cause of this witness's objecting to give evidence. He became interested by his own act since he attested the deed. This subsequent interest was no cause for depriving the plaintiff of the benefit of his testimony.

Witness who becomes interested in the matter after his attestation, cannot withhold his testimony.

There was enough however, without the testimony of this witness, to entitle the plaintiff to a verdict; and the court ought to have awarded a new trial.

It seems to this court that the verdict was against the law and the evidence; and should have been set aside on the motion made.

PRICE
vs.
WOOD.

Judgment reversed with costs, and cause remanded for a venire facias de novo.

Plaintiff to have his costs.

*Crittenden* for plaintiff.